# PROVIDENCE COUNTY.

————◆————

WARREN WAKEFIELD *vs.* GEORGE W. NEWELL, Town Treasurer of the Town of Pawtucket.

No action lies against a municipal corporation for allowing the ordinary and natural flow of surface water to escape from a highway on to adjacent land. Nor will an action lie for the results of such usual changes of grade as must be presumed to have been contemplated and paid for at the lay-out of the highway.

A municipal corporation has the same powers over its highways in respect to surface water as an individual has over his land. *Inman* v. *Tripp*, 11 R. I. 520, explained and affirmed.

TRESPASS on the case. On demurrer to the declaration.

*February* 23, 1878. DURFEE, C. J. This is an action of the case to recover damages from the town of Pawtucket, for suffering water to flow from a highway in the town upon adjoining land belonging to the plaintiff. The declaration sets forth :

" The plaintiff was and still is the owner in his own right of certain real estate, situate in said town, on and adjoining a certain street and public highway in said town, called Pleasant Street, and which street said town was bound to keep in good and suitable repair, for travelling in and upon the same, and to keep certain gutters and sluiceways running in and along said highway, so and in such good repair that the water that usually and of right should run therein should not overflow and run out

and upon the said land of the said plaintiff ; but the said town, by themselves, their officers, agents, and employees, so negligently and wrongfully kept the said street and public highway, and the sluiceways thereof in such bad repair, that the water which they ought and should have carried in and along said street overflowed on and over the land of the plaintiff, so that the said land was by said water overflowing thereon greatly damaged, and the crops growing thereon were greatly injured," &c.

The defendant demurs to the declaration upon the ground that it does not properly set forth any cause of action.    The plaintiff relies in support of the action upon *Inman* v. *Tripp*, 11 R. I. 520.    In that case the plaintiff owned an estate in the city of Providence, on Public Street, at the lowest point thereof, and the city so changed the grade of several streets as to allow surface water which formerly flowed in other streets, and surface water which was formerly ponded in another street at some distance from the plaintiff's estate, to run down Public Street, and thence on to his estate and into his cellar and well, and the court held that the plaintiff was entitled to an action against the city for the injury.    The declaration in the case at bar does not show any such case.    It merely shows that water escaping from the highway upon the plaintiff's land injured it, and the crops growing upon it.    It is true the declaration alleges that the water *ought* to have been kept or carried by the town in the gutters or sluiceways of the street.    The question of duty, however, is a question of law, and the defendant is entitled to have the facts alleged on which the duty is predicated.    For anything that appears, the injury to the plaintiff was the result of the ordinary and natural flow of the surface water, which the defendant would be under no obligation to confine in gutters or sluiceways for the plaintiff's protection, or of such changes near at hand as are usually made, and must, therefore, be presumed to have been contemplated, and paid for in the layout.    *Flagg v. City of Worcester*, 13 Gray, 601.    In *Inman* v. *Tripp*, 11 R. I. 520, we did not mean to decide that a town or city has any less power over its streets or highways, in respect of surface water, than an individual has over his own land, but only that it has no greater power ; or, in other words, that it is liable for discharging the surface water accumulating in its streets and highways, to the

same or very much the same extent, as an individual is liable for discharging such water from his own land upon his neighbor's. If this action were against an individual instead of a town, we do not think a declaration, similar in form, would be sufficient ; for mere neglect by an individual to retain on his own land water which, falling there, would naturally flow on to his neighbor's land, is no cause of action, unless he first accumulates it by artificial means so as considerably to increase the volume and detrimental effect with which it would flow on his neighbor's land. *Pettigrew* v. *Evansville*, 25 Wis. 223, 229 ; *Livingston* v. *McDonald*, 21 Iowa, 160; *Gannon* v. *Hargadon*, 10 Allen, 106 ; *Butler* v. *Peck*, 16 Ohio St. 334 ; *Goodale* v. *Tuttle*, 29 N. Y. 459, 467 ; Washburn on Easements, 450 *seq.*

We think, therefore, that as the declaration now stands, the demurrer must be sustained.                    *Demurrer sustained.*